IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION
_____

| | | |
|---|---|---|
| JEAN B. McINERNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 06-2681-MaV |
| | ) | |
| LIBERTY LIFE ASSURANCE COMPANY | ) | |
| OF BOSTON, THE FIRST TENNESSEE | ) | |
| NATIONAL CORPORATION GROUP | ) | |
| DISABILITY PLAN, and FIRST | ) | |
| TENNESSEE NATIONAL CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

_____

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO
PERMIT DISCOVERY AND DENYING AS MOOT DEFENDANT LIBERTY LIFE'S
MOTION TO FILE SUR-REPLY
_____

This case was filed pursuant to the Employment Retirement Security Income Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), and involves the alleged wrongful termination of long-term disability benefits under an ERISA-governed long-term disability benefits plan. Presently before the court is the May 10, 2007 motion of the plaintiff, Jean B. McInerney, to take limited discovery. The defendants, Liberty Life Assurance Company of Boston, The First Tennessee National Corporation Group Disability Plan, and First Tennessee National Corporation (collectively the "defendants"), oppose the motion. The motion was referred to the United States

1

Magistrate Judge for a determination. For the reasons that follow, the motion is denied.

## FACTUAL AND PROCEDURAL BACKGROUND

McInerney was employed by the defendant, First Tennessee National Corporation ("First Tennessee"), and as such, was a participant in The First Tennessee National Corporation Group Disability Income Plan (the "Plan"). (Compl. ¶ 10–11.) McInerney ceased work and applied for the long-term disability benefits under the Plan. (Compl. ¶ 12, 14.) The claim was approved and benefits were paid through May 24, 2005. (Compl. ¶ 15.)

On May 24, 2005, defendant Liberty Life Assurance Company of Boston ("Liberty Life"), the underwriter for the Plan, terminated McInerney's long-term disability benefits on the grounds that her physical condition did not prevent her from working. (Compl. ¶ 17.) McInerney exhausted her administrative appeals under the Plan and filed the present action seeking judicial review.

## ANALYSIS

In the present motion, McInerney seeks permission to submit six interrogatories and nine requests for production of documents to Liberty Life related to "bias, conflict of interest, and the manner in which Defendants reached the decision to terminate benefits." (Pl.'s Br. Supp. Mot. 1–2.) In particular, these discovery requests seek the identity of the individuals who

participated in the decision to terminate McInerney's disability benefits, the title and compensation of such persons, whether the employer of the doctors who reviewed the file for Liberty Life was owned by or affiliated with Liberty Life, the number of claims each physician reviewed for Liberty Life in the years 2005 and 2006, the amount paid by Liberty Life to each physician in 2005 and 2006, the number of chronic regional pain syndrome patients each physician had treated over the past ten years, and the number of disability claims involving chronic regional pain syndrome each physician had consulted on during the past ten years. (*See* Pl.'s Br. Ex. 2.) She also seeks permission to propound two interrogatories and one request for production of documents to First Tennessee concerning all other employee benefits provided by First Tennessee, for example, health insurance, to persons receiving long term disability benefits. (*See* Pl.'s Br. Ex. 3.) McInerney argues that while the scope of review in this type of ERISA case is normally restricted to the record reviewed by the plan administrator, there is an exception that allows discovery as to conflict of interest on the part of the decision-maker or how the insurer reached its decision as that may bear on whether the claim was fairly considered. (Pl.'s Br. 2—4.) Thus, she contends that she should be allowed to pursue discovery on these subjects. (Pl.'s Br. 5.)

In opposition to the motion, the defendants recognize the

exception, but argue that the exception is not applicable here because McInerney has failed to make an initial threshold showing of bias or procedural irregularities justifying application of the exception. (Defs.' Opp'n to Mot. 3.)

The Sixth Circuit is clear that in conducting either a de novo review or a review under the arbitrary and capricious standard,[1] the reviewing court may only consider evidence presented to the plan administrator. *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 615 (6th Cir. 1998) (citing *Rowan v. Unum Life Ins. Co.*, 119 F.3d 433, 437 (6th Cir. 1997); *Perry v. Simplicity Eng'g*, 900 F.2d 963, 966 (6th Cir. 1990))(noting that when conducting a *de novo* review "the district court [is] confined to the record that was before the Plan Administrator"); *Yeager v. Reliance Standard Life Ins. Co.,* 88 F.3d 376, 381 (6th Cir. 1996) (citing *Miller v. Metro. Life Ins. Co.*, 925 F.2d 979, 986 (6th Cir. 1991)) (noting that "[w]hen conducting a review of an ERISA benefits denial under an arbitrary and capricious standard, [the court is] required to consider only the facts known to the plan administrator at the time

---

[1] Where an ERISA plan gives the plan administrator discretionary authority to determine eligibility of benefits, the decision of the administrator in denying benefits will be reviewed by the courts under a deferential arbitrary and capricious standard. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). Otherwise, review is *de novo*. *Id.* Neither party stated in their memoranda to the court which standard applies in this case.

he made his decision"); *accord Perlman v. Swiss Bank Corp. Comprehensive Disability Prot. Plan*, 195 F.3d 975, 982 (7th Cir. 1999) (citing *Wilkins*, 150 F.3d at 617—20; *DeFelice v. Am. Int'l Life Assurance Co.*, 112 F.3d 61, 65 (2d Cir. 1997); *Donatelli v. Home Ins. Co.*, 992 F.2d 763, 765 (8th Cir. 1993); *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1021—27 (4th Cir. 1993) (en banc); *Sandoval v. Aetna Life & Cas. Ins. Co.*, 967 F.2d 377, 380 (10th Cir. 1992); *Luby v. Teamsters Health, Welfare, & Pension Trust Funds*, 944 F.2d 1176, 1184—85 (3d Cir. 1991)) (holding that "when review under ERISA is deferential, courts are limited to the information submitted to the plan's administrator").  Thus, as a general rule, the court's review is limited to the administrative record, and the court cannot consider evidence outside the record. *Wilkins*, 150 F.3d at 615.  Therefore, discovery is not appropriate because it could not produce any relevant evidence under the circumstances.

McInerney urges that discovery is proper in this case because of an exception to the general rule.  The Sixth Circuit has recognized that new evidence is permissible, and, as a corollary, limited discovery is appropriate when there is a procedural challenge such as allegations that the administrator failed to provide due process or was biased. *See Wilkins*, 150 F.3d at 618—19 (Gilman, J., concurring).

> The only exception to the . . . principle of not receiving new evidence at the district court level arises when consideration of that evidence is necessary to resolve an ERISA claimant's procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part.

*Id.* (citing *VanderKlok v. Provident Life & Accident Ins. Co.*, 956 F.2d 610, 617 (6th Cir. 1992)). "Any prehearing discovery at the district court level should be limited to such procedural challenges." *Id.* at 619.

The Sixth Circuit recently confirmed in an unpublished opinion that merely alleging procedural regularities in broad, conclusory terms is insufficient to justify prehearing discovery. *See Likas v. Life Ins. Co. of N. Am.*, 2007 FED App. 0193N, *9—10 (6th Cir. 2007) (unpublished opinion) (citing *Putney v. Med. Mut. of Ohio*, 111 F. App'x 803, 806—07 (6th Cir. 2004) (unpublished opinion); *Gindele v. Am. United Life Ins. Co.*, No. 05-100-DLB, 2006 U.S. Dist. LEXIS 80009, 2006 WL 3193429, at *1—2 (E.D. Ky. Oct. 31, 2006)). In *Putney*, the Sixth Circuit upheld the district court's refusal to allow prehearing discovery in an ERISA case because the plaintiff had not presented sufficient evidence of bias to justify discovery. *Putney*, 111 F. App'x at 806—07.

McInerney relies on two 2005 Sixth Circuit opinions, *Kalish v. Liberty Mutual/Liberty Life Assurance of Boston*, 419 F.3d 501 (6th Cir. 2005), and *Calvert v. Firstar Finance, Inc.*, 409 F.3d 286 (6th

6

Cir. 2005), in support of her position of the automatic availability of limited discovery in ERISA cases. In both cases, the court admonished the plaintiffs that they should have explored the issue of conflict of interest through discovery. *Kalish*, 419 F.3d at 508; *Calvert*, 409 F.3d at 293. Neither of these cases are controlling on the issue before the court. The court notes that both *Calvert* and *Kalish* were decided before *Likas*. In addition, for whatever reason, discovery was not sought by the plaintiffs at the trial level in either *Calvert* and *Kalish*, and thus, the denial of discovery was not an issue on appeal. Therefore, the admonitions by the Sixth Circuit in these two cases were merely dicta. *See Bradford v. Metro. Life Ins. Co.,* 2006 U.S. Dist. LEXIS 20886 at *8 (E.D. Tenn. Apr. 14, 2006) (finding statements in *Kalish* and *Calvert* to be dicta and further finding that threshold showing is still applicable).

 Based on controlling precedent, the law in the Sixth Circuit remains that there is no automatic right to limited discovery as to procedural irregularities, and some initial showing of procedural irregularity must be presented before discovery will be allowed in ERISA cases. The court recognizes that this interpretation places the plaintiff in the untenable position of being required to present some evidentiary support for its allegation of procedural irregularities before allowing discovery of procedural

7

irregularity. Nevertheless, that remains the law.

Here, McInerney seeks discovery as "to bias or conflict of interest on the part of the decision-maker, bias or conflict of interest on the part of the experts hired by the decision-maker, the manner in which the decision was reached, and whether the whether [sic] Ms. McInerney's claim was handled in a manner consistent with similarly situated claimants." (Pl.'s Br. 6.) She asserts that these subjects "fall legitimately within bias and due process, areas in which the court is allowed to consider evidence outside the administrative record." (Pl.'s Br. 6.) McInerney, however, fails to identify any allegations in her complaint regarding procedural irregularities. The court has carefully reviewed the October 11, 2006 complaint but does not find any specific allegations of denial of due process or bias, and instead only finds a conclusory allegation of conflict of interest. The court has found, however, the following allegations in the factual portion of the complaint that could possibly be interpreted as procedural challenges:

> 26. The entity that made the decision to deny benefits would pay any benefits due out of its own funds.
>
> 27. The entity that made the decision to deny benefits was under a perpetual conflict of interest because the benefits would have been paid out of its own funds.
>
> 28. The entity that made the decision to deny benefits allowed its concern over its own funds to

8

>influence its decision-making.
>
>....
>
>30. The Defendants' decision-making process violated ERISA by failing to give the Plaintiff a full and fair review of the claim.

(Compl. ¶¶ 26—28, 30.)  In addition, the following allegation in Count I could also be interpreted as a procedural challenge:

>43. As ERISA fiduciaries, the Defendants owed the Plaintiff fiduciary duties, such as an obligation of good faith and fair dealing, full and complete information, and a decision-making process free of influence by self-interest.

(Compl. ¶ 43.)  At best, these constitute mere conclusory allegations and McInerney has not offered any evidence to support even a colorable claim of procedural irregularities.  Therefore, the proposed discovery to Liberty Life will not be allowed.

McInerney's proposed discovery to First Tennessee is relevant to the issue of damages, not bias procedural irregularities. Therefore, the proposed discovery to First Tennessee will be allowed.

## CONCLUSION

Accordingly, the plaintiff's motion to conduct limited discovery to Liberty Life is DENIED, and the plaintiff's motion to conduct limited discovery to First Tennessee is GRANTED.  Liberty Life's motion to file a sur-reply is denied as moot.

IT IS SO ORDERED this 4th day of June, 2007.

9

                    **s/ Diane K. Vescovo**
                    **DIANE K. VESCOVO**
                    **UNITED STATES MAGISTRATE JUDGE**

10